ACCEPTED
15-24-00042-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/22/2025 1:34 PM
CHRISTOPHER A. PRINE
CLERK



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

BRENDAN FUGERE
Assistant Attorney General

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
(512) 936-1820
4/22/2025 1:34:37 PM
Brendan.Fugere@oag.texas.gov
CHRISTOPHER A. PRINE
Clerk

April 22, 2025

**Via Electronic Filing**

Mr. Christopher A. Prine
Clerk of the Court
Fifteenth Court of Appeals

Re:    *Oncor Electric Delivery Company LLC v. Public Utility Commission of
Texas*; No. 15-24-00042-CV

Dear Mr. Prine:

As requested by Justice Field at oral argument, and in response to Appellant
Oncor's introduction of the decision at oral argument, Appellee Public Utility
Commission of Texas submits this post-submission letter to explain how this
Court's decision in *AFLOA, LLC v. Tex. DMV*, No. 15-24-00003-CV, 2025 WL
209447 (Tex. App. [15 Dist.] Jan. 16, 2025, no pet.) relates to this case.

In short, to the extent it is relevant, *AFLOA* undermines Oncor's position and
supports the Commission's reading of Texas Government Code section 2001.146.
In *AFLOA*, as here, the order on rehearing made changes not identified as clerical,
and therefore a second motion for rehearing was required. 2025 WL 209447 at *5.

As this Court recognized in *AFLOA*, "[t]he APA provides 'a limited waiver of
sovereign immunity' in suits for judicial review if certain statutory prerequisites to
suit are satisfied." *Id.* at *4 (quoting *Tex. Dep't of Protective & Regul. Servs. v. Mega
Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004)). When construing such statutory
waivers of sovereign immunity, courts "generally resolve ambiguities by retaining
immunity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003).

One of the statutory prerequisites is a motion for rehearing, "which must be filed
by a party not later than the 25th day after the date the decision or order that is the

subject of the motion is signed." *AFLOA*, 2025 WL 209447 at *4 (citing Tex. Gov't Code § 2001.146(a)). "A decision or order in a contested case is final on the date that the latest filed motion for rehearing is overruled by operation of law[.]" *Id.* (citing Tex. Gov't Code §§ 2001.144(a)(2)(B), 2001.146(c)).

These observations provide context to the definition of "decision or order" in Government Code section 2001.146. A decision or order cannot be a single finding of fact or conclusion of law, or a subset of findings and conclusions, because findings and conclusions cannot themselves be signed or become final and reviewable. Rather, the agency determination in its entirety is signed and appealed. Because the "subject of the complaint" in section 2001.146(h) is the "decision or order," the final agency determination triggers the subsequent motion for rehearing requirement when that determination as a whole is "modifie[d], correct[ed], or reform[ed] in any respect … including any modification, correction, or reformation that does not change the outcome of the contested case." Tex. Gov't Code § 2001.146(h)(1).

*AFLOA* also recognizes that the default rule under the APA requires "a timely motion for rehearing as a jurisdictional prerequisite to an appeal in a contested case." *AFLOA*, 2025 WL 209447 at *5. "Section 2001.146(h)(1)" is "[a]n exception to this general rule," exempting parties from the motion for rehearing requirement when "the order disposing of the original motion for rehearing" (1) does not "modif[y], correct[], or reform[] in any respect" the original order or (2) makes only a "clerical change identified as such by the agency in the order." Tex. Gov't Code § 2001.146(h)(1).

In *AFLOA*, "[n]either party … contend[ed] that the … Order on Rehearing resulted in only typographical, grammatical, or clerical changes." 2025 WL 209447 at *5. Thus, "[b]ecause AFLOA failed to file a subsequent motion for rehearing … AFLOA failed to exhaust its administrative remedies, in a manner sufficient to invest the trial court with subject matter jurisdiction." *Id.*

In this case, the Public Utility Commission's order on rehearing likewise made several non-clerical changes. Resp.Br.25-32. This conclusion is certainly true under the plain English meaning of "clerical," which refers to changes that an ordinary cleric, scrivener, or clerk would be able to make without direction. *Clerical Error*, Black's Law Dictionary (10th ed. 2014) ("a drafter's or typist's technical error that

can be rectified without serious doubt about the correct reading"); *Clerical*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003) ("of or relating to a clerk").

The text of subsection (h) favors this plain-English reading. "When faced with a catchall phrase," like "other clerical change," "courts do not necessarily afford it the broadest possible construction it can bear." *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 217 (2024). Rather, a catchall term "must be interpreted in light of its surrounding context and read to 'embrace *only* objects similar in nature' to the specific examples preceding it." *Id.* (emphasis added) (quoting *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 512 (2018)). Thus, this *ejusdem generis* canon requires that the meaning of the general term "other clerical change" be restricted by the specific terms "typographical" and "grammatical" that precede it in subsection (h). *Image API, LLC v. Young*, 691 S.W.3d 831, 838 n.27 (Tex. 2024) (quoting *Hilco Elec. Coop. v. Midlothian Butane Gas Co.*, 111 S.W.3d 75, 81 (Tex. 2003)). By using "typographical" and "grammatical" to describe clerical errors in subsection (h), the Legislature indicated it was using "clerical" according to its ordinary English meaning, rather than as a broader term of art.

Even according to Oncor's reading, the Commission made changes that were substantive and required judicial reasoning. Resp.Br.25-32. Because the Commission's order on rehearing made non-clerical changes under any reading, a second motion for rehearing was required, just as in *AFLOA*.

Because neither party in *AFLOA* contended that the changes were all clerical, this Court did not discuss the portion of subsection (h) that requires clerical changes be "identified as such by the agency in the order" to be excepted from the subsequent motion for rehearing requirement. Here, the Commission did not identify its changes as clerical. Resp.Br.32-36.

Oncor claims that by stating that changes were made for "accuracy," the Commission sufficiently identified the changes as clerical. App.Br.32. That claim is belied by Oncor's own definition of "accuracy"—"free[] from mistake or error." Reply.Br.27. An "error" is exactly how Oncor terms the judicial outcome it seeks to appeal. Therefore, "accuracy" clearly encompasses "judicial" errors and is not

Page 4

sufficient to identify a change as clerical, even under Oncor's definitions of both "accuracy" and "clerical."

Oncor's arguments at oral argument based on *AFLOA* were mistaken. First, Oncor is incorrect that this case is distinguishable from *AFLOA*. Oncor suggests that the order on rehearing in this case made only "essentially clerical" changes. To the contrary, this case, like *AFLOA*, does in fact involve significant modifications in the order on rehearing. Resp.Br.25-32. Second, contrary to Oncor's characterization, *AFLOA* did not address whether a subsequent motion for rehearing is required after an order on rehearing only makes changes that were "essentially clerical." In *AFLOA*, neither party claimed that the changes on rehearing were clerical. Further, subsection (h) does not ask whether changes are "essentially clerical," but whether they are "identified as such by the agency in the order." Tex. Gov't Code § 2001.146(h)(1). Oncor's reading ignores this identification requirement.

*AFLOA*'s limited discussion of section 2001.146(h) only supports the Commission's arguments.

Respectfully submitted.

/s/ Brendan Fugere
BRENDAN FUGERE
Assistant Attorney General
State Bar No. 24143863

Counsel for Appellee

cc: Jarrett L. Hale (via electronic service)

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Toni Shah on behalf of Brendan Fugere
Bar No. 24143863
toni.shah@oag.texas.gov
Envelope ID: 99940808
Filing Code Description: Letter
Filing Description: Oncor v PUC  AFLOA LLC v Tex
Status as of 4/22/2025 1:40 PM CST

Associated Case Party: Public Utility Commission of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rance Craft | | rance.craft@oag.texas.gov | 4/22/2025 1:34:37 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 4/22/2025 1:34:37 PM | SENT |
| Brendan Fugere | | Brendan.Fugere@oag.texas.gov | 4/22/2025 1:34:37 PM | SENT |

Associated Case Party: Oncor Electric Delivery Company LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nicole Skolnekovich | 24110371 | Nskolnekovich@hunton.com | 4/22/2025 1:34:37 PM | SENT |
| Jarrett Hale | | jhale@huntonak.com | 4/22/2025 1:34:37 PM | SENT |
| Tab Urbantke | | turbantke@huntonak.com | 4/22/2025 1:34:37 PM | SENT |
| Lauren Freeland | | lfreeland@huntonak.com | 4/22/2025 1:34:37 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elizabeth Page | | elizabethpage@huntonak.com | 4/22/2025 1:34:37 PM | SENT |
| Toni Shah | | toni.shah@oag.texas.gov | 4/22/2025 1:34:37 PM | SENT |
| Carrier Collier-Brown | | carrie.collierbrown@lockelord.com | 4/22/2025 1:34:37 PM | SENT |
| Thomas L.Brocato | | tbrocato@lglawfirm.com | 4/22/2025 1:34:37 PM | SENT |
| Jacob J.Lawler | | jacob.lawler@hklaw.com | 4/22/2025 1:34:37 PM | SENT |
| Meghan Griffiths | | mgriffiths@jw.com | 4/22/2025 1:34:37 PM | SENT |
| Grant Clifton | | grantclifton@gmail.com | 4/22/2025 1:34:37 PM | SENT |
| Laura W.Baker | | lwb@smxblaw.com | 4/22/2025 1:34:37 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Toni Shah on behalf of Brendan Fugere
Bar No. 24143863
toni.shah@oag.texas.gov
Envelope ID: 99940808
Filing Code Description: Letter
Filing Description: Oncor v PUC  AFLOA LLC v Tex
Status as of 4/22/2025 1:40 PM CST

Case Contacts

| Laura W.Baker | | lwb@smxblaw.com | 4/22/2025 1:34:37 PM | SENT |
|---|---|---|---|---|
| Bryan Clark | | bryan.clark@pxd.com | 4/22/2025 1:34:37 PM | SENT |
| Catherine J.Webking | | cwebking@spencerfane.com | 4/22/2025 1:34:37 PM | SENT |
| Michael A.McMillin | | mmcmillin@omm.com | 4/22/2025 1:34:37 PM | SENT |
| Alfred R.Herrera | | aherrera@herreralawpllc.com | 4/22/2025 1:34:37 PM | SENT |
| Sergio E.Herrera | | sherrera@herreralawpllc.com | 4/22/2025 1:34:37 PM | SENT |